

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Claude A. Williams
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

Opinion No. 0-4306
Re: Whether or not certain industrial
insurance agents under written
contract with an insurance com-
pany are in employment of said
company within the meaning of the
Texas Unemployment Compensation
Act, same being Article 5221b-17
(g) (1), Vernon's Annotated Civil
Statutes.

We received your letter requesting our opinion on the above captioned question. We also received from you a copy of a contract and other documents pertaining to this question.

As we understand your request, your question is restricted to the period of time between April 1, 1939, and October 1, 1941, during which time the Unemployment Act contained no specific provision exempting insurance agents from the terms of the Act. We assume further that the contracts furnished this department were in effect during the period in question and this opinion is based upon that assumption.

We quote several provisions from the contract, which we think are controlling of the question at hand:

"In consideration of my appointment as agent of the . . . Company from week to week upon the terms herein contained, I do hereby agree as follows:

"To canvass for insurance and collect premiums during each and every week on the policies of said Company obtained by or assigned to me, to aid in the proper adjustment of claims on my debit, <u>and to do</u>

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

any and all other things the Company is authorized
by its charter to do that might be required of me
from time to time by the Company or its manager,
and to engage in no other business during the time
of this employment.

"To pay over each day, or at the time indicated
by the manager of the district in which I work, all
moneys collected by me to the manager or to any other
person designated by the manager, unless otherwise
ordered by the . . . Company. No money or moneys
shall be retained by me out of any collections made
by me for any purpose. The total sums collected shall
be turned over to the manager or person designated by
the manager or by the Company. My compensation shall
be paid to me directly by the Company through its
manager or other proper officers. Under the terms
of this contract, the agent agrees to keep true re-
cords of the business in the books and on the forms
provided by the Company.

"And it is further understood and agreed that
I am to be directly responsible for the failure,
through any cause whatsoever, to pay over moneys col-
lected by me in the manner above described.

"To make upon the forms provided by the Company
and to forward it each time designated by the manager,
with my account or report, a list of all policies on
which the premiums are four weeks in arrears. The
agent's failure to do so shall cause the agent to be
liable to the Company, and he shall pay over to it,
as if collected by him, all premiums in arrears more
than four weeks. But this penalty is not to be taken
as a waiver by the Company of the agent's agreement
to report or forward a list of all policies four weeks
or more in arrears, and is not to be taken in lieu
of, but additional to the penalty for disobedience of
the rules of the Company and the violation of this
contract.

"To take no application except upon the lives
personally seen by the agent at the time the appli-
cation is made and believed by him to be in sound
health. The failure of the agent to see the person
on whom he is submitting an application for insurance
will terminate and cancel this contract.

"The agent agrees to comply with all the instructions, rules and regulations of the Company in force at this time or that may hereafter be placed in force. The agent acknowledges receipt of the agent's instruction book, and accepts the terms and conditions thereof and agrees to be governed in all his relations with the Company by the instructions it contains.

"The total amount of weekly premiums in the Life Policy Register, after deducting the total weekly premium in the Lapse Policy Register are to be debited to my account on Monday of each and every week. This amount shall be known as the 'Collectible Debit', as is hereinafter made a basis of my compensation. This Collectible Debit shall be considered as having been absolutely received by me for the Company, and the Company shall not be required to prove that the agent actually received the premiums or any of them, but the agent is to be charged with all premiums in advance pay and to be credited with such arrears not to exceed four weeks on any policy as may be established on the debit assigned to the agent. This clause is not to be taken as a waiver of or as affecting any rights of the Company otherwise secured by this agreement.

"The business embraced in this agency shall belong to the Company and the agent shall not transfer or sell same. The agent agrees not to accept any compensation from his successor or other person for the transfer of the business of his agency or any part of it.

"This agreement may be revoked and/or terminated by the Company upon one day's notice. Such compensation as shall have accrued and become payable up to the date of my resignation or the termination of this agreement by the Company shall be in full payment and satisfaction of all my services to the Company, and my compensation under this agreement and of all claims upon the Company."

Article 5221b-17 (g) (1), Vernon's Annotated Civil Statutes, defines employment as follows:

"'Employment' subject to the other provisions
of this subsection, means service, including ser-
vice in interstate commerce, performed for wages,
or under any contract of hire, written or oral, ex-
press or implied, provided that any services per-
formed by an individual for wages shall be deemed
to be employment subject to this Act unless and un-
til it is shown to the satisfaction of the Commis-
sion that such individual has been and will continue
to be free from control or direction over the per-
formance of such services both under his contract
of service and in fact."

Since said contract binds the agent to comply with
all the instructions, rules and regulations in force at the
time of the making of the contract as well as all instructions,
rules and regulations that may thereafter be promulgated by
the insurance company, it is inescapable that the insurance
company possesses the right of complete control over the per-
formance of service rendered by said agents.

It is our opinion that said agents are, as a matter
of law, in employment of the insurance company within the mean-
ing of the above quoted statute.

We trust that we have satisfactorily answered your
question.

Yours very truly

APPROVED APR. 24, 1942                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

                                          By

FIRST ASSISTANT                                   /s/ Lee Shoptaw
ATTORNEY GENERAL                                      Assistant

LS:db

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN